## BETTS v. MIX.

### November 4, 1837

*Rule to show cause why judgment should not be entered for want of a sufficient affidavit of defence.*

In an action by an endorsee of a promissory note against the drawer, it is no defence that the payee and endorsee gave it to the plaintiff, as collateral security, for the payment of a bill drawn by the payee and endorsee upon, and accepted by the drawer of the note, for the accommodation of the party drawing the bill, which bill was passed to the plaintiff (with notice that it was without consideration) who advanced money on it, and retained it.

THIS was an action brought to September term, 1837, No. 65.

[Betts v. Mix.]

The plaintiff filed the following copy of a promissory note, on which the action was brought, and of which the defendant was the drawer:

"Philadelphia, July 1, 1836.

One year after date, I promise to pay to the order of Charles Mix, four hundred dollars, for value received, with interest.

(Signed)        GEORGE C. MIX.
(Endorsed)        CHARLES MIX.
              J. E. BETTS.

Which said sum of money, with interest, remains wholly due and unpaid, to the said plaintiff, from the said defendant, together with expense of protest and postage, 2 dollars."

The defendant filed the following affidavit of defence:

"George C. Mix, the above defendant, being duly sworn, according to law, doth depose and say, that the note on which the above suit is brought, was deposited with two other notes, one of the value of 165 dollars, drawn by G. S. Man, due in September next, and the other, the note of J. L. and S. Bishop, for 104 dollars, all being given to plaintiff, by Charles Mix, as collateral security, for the payment of a certain draft for 500 dollars, drawn by Charles Mix upon defendant; upon which plaintiff advanced the money, deducting from the face thereof, illegal and usurious interest, understanding and being instructed at the time, that the said draft was merely an accomodation, and not a business transaction, and that no consideration had been ever received by defendant, to warrant or authorize said draft; that plaintiff still retains said protested draft, on which no suit has as yet been brought, together with the undue note of G. S. Man. All which deponent respectfully sets forth as a just and legal defence to the above suit."

The plaintiff obtained a rule to show cause why judgment should not be entered for want of a sufficient affidavit of defence.

*Haly*, for plaintiff.
*Bready*, for defendant.

PER CURIAM.—This affidavit establishes no defence between *these* parties. The plaintiff is the rightful holder of the note on which the action is brought. Charles Mix, the payee and en-

[Betts v. Mix.]

dorser, it is stated, *gave* it to the plaintiff, as a *collateral* security for the payment of a bill of exchange, drawn by Charles Mix on the defendant, and by him accepted for the *accommodation* of the drawer.    But it is not pretended that the *note* was an *accommodation* note.    How can the circumstances connected with the bill of exchange, then, avail this defendant, the maker of the note?    Should the plaintiff after having obtained satisfaction of the judgment which we are about to grant, bring suit on the bill of exchange, the defendant may protect himself by this judgment and the facts disclosed in his affidavit.

Rule absolute.